[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16064
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-61472-WPD

MARTHA MAE EDGERTON,

Plaintiff-Appellant,

versus

CITY OF PLANTATION,

Defendant-Appellee,

JEFFREY JONES, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 14, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Martha Edgerton appeals *pro se* the summary judgment in favor of the City of Plantation and against her complaint of employment discrimination on the basis of race, sex, and retaliation. Edgerton argues that she presented sufficient evidence of pervasive racial and sexual harassment to support her complaint of a hostile work environment and of retaliation. We affirm.

We review a summary judgment *de novo.* *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). We view the evidence in the light most favorable to the non-moving party. *Id.* Summary judgment should be granted when the movant establishes that there is no genuine dispute of a material fact and that it is entitled to a judgment in its favor as a matter of law. *Id.*

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee with respect to the "terms, conditions, or privileges of employment, because of" her race or sex. 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of a hostile work environment, an employee must prove that she belongs to a protected group; that she has been subject to unwelcome harassment; that the harassment was based on a protected ground, such as race or sex; that the harassment was severe or pervasive enough to alter the terms and conditions of her employment; and that her employer is responsible for

2

the harassment under a theory of vicarious or direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). The requirement that the harassment be "severe or pervasive" contains both an objective and a subjective component. *Id.* at 1276. "Thus, to be actionable, this behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives . . . to be abusive." *Id.* (quotations omitted). In evaluating the objective severity of the alleged harassment, we consider the frequency of the conduct; its severity; whether the conduct was threatening or humiliating, or was instead an isolated offensive utterance; and whether the conduct unreasonably interfered with the employee's performance. *Id.* at 1276; *compare id.* at 1276–77 (finding severe or pervasive conditions where coworkers called plaintiff racially offensive names three to four times per day; the remarks were hostile in nature because they were typically made while the coworkers were arguing with plaintiff or berating him for his job performance) *with McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008) (instances of racially derogatory language over a period of two-and-a-half years were "too sporadic and isolated" to qualify as severe or pervasive).

Title VII also prohibits an employer from discriminating against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted,

3

or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a); *Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995). An employee may establish a *prima facie* case of discriminatory retaliation by proving that she engaged in protected activity under Title VII; that she suffered a materially adverse action; and that there was a causal connection between the two events. *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012). We recognize a cause of action for a retaliatory hostile work environment. *See Gowski v. Peake*, 682 F.3d 1299, 1312 (11th Cir. 2012). The employee must prove that the retaliation produced an objective injury or harm, such that it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 77 (2006). The retaliatory acts must be material or significant and not trivial. *Id.* at 68.

The district court committed no reversible error when it entered summary judgment in favor of the City and against Edgerton's complaint of racial and sexual harassment. Edgerton alleged that she was racially or sexually harassed at most about once a month, but several of the alleged incidents were not harassing. For example, Edgerton complained, "Robert Krogman aggressively confronted me at the copier/printer workstation area by physically snatching papers from my hand." She also alleged that Krogman called her to his cubicle and showed her a "pin-up"

4

of his wife in a bikini. And Edgerton alleged that "Mr. Jones made a comment that, you know, 'The founding fathers paved the way for people in this country." Edgerton also complained that Richard Maher left a Rosemary plant on her desk and said, "Now you have to date me." And she complained about overhearing Jones tell a crew worker that he was "dicking around," but Edgerton offered no evidence that Jones's comments were directed toward her. Edgerton was never threatened. Any offensive conduct was isolated and appears to have occurred during a relatively small part of her workday.  These incidents do not establish a hostile work environment.

The district court also did not err when it granted summary judgment in favor of the City and against Edgerton's complaint of a retaliatory hostile work environment. Edgerton offered no evidence to support her argument that she was harassed with increasing frequency or that she received threats of bodily harm after complaining of discrimination. She instead identified the same harassing behavior as occurring both before and after her complaint.

Edgerton also argues for the first time that she received ineffective assistance of counsel and that the City engaged in misconduct before the district court, but we ordinarily will not review arguments raised for the first time on appeal.  *Narey v. Dean*, 32 F.3d 1521, 1526-27 (11th Cir. 1994).  And no exception to that general rule applies here.

5

**AFFIRMED.**